**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL NO. 15-68-01

VERSUS                                      JUDGE ELIZABETH E. FOOTE

MARCUS MILTON (01)                          MAGISTRATE JUDGE HORNSBY

## ORDER

Before the Court is a letter from the Defendant, Marcus Milton ("Milton"), in which he essentially asks the Court to compel the Bureau of Prisons to award him credit for time served.  Record Document 90.  Although Milton does not explain the dates or calculations listed in his letter or the attachments thereto, it appears he seeks credit for the time he has spent in custody since December 4, 2014.  He states that during sentencing, the Court's "word was that . . . once [the Court] had a chance to calculate my time served that [the Court] would give me the jail credits."  Id. at p. 1.  The Court writes to clarify the issue for the benefit of the Defendant and the Bureau of Prisons.

Milton was arrested by Louisiana State Probation and Parole officers on December 4, 2014.  Record Document 56.  At that time, he was held in state custody on a parole violation.  He was not in federal custody at that time.  Milton was not brought into federal custody until April 8, 2015; he remained in federal custody until his sentencing in this matter on February 4, 2016.  See Record Documents 16, 52, and 56.

During the sentencing hearing, Milton asked the Court whether he would receive credit for time served in custody.  Record Document 68, p. 25.  The Court responded as follows:

> [T]he law gives you credit for time served once you're in federal custody. Your case is complicated by the fact that you were on a state probation at the time.  So calculating what is attributable to state time and what is attributable to federal custody is beyond my ability at this time.  But the law does provide that you would get credit for time served while in federal custody.  But as I said, because of the extensive nature of your criminal background, the fact that you were on state probation at the time, I can't just look at the record today and identify a date.

Id.  Thus, the Court made it clear that custodial credit would be awarded for "the time served once you're in federal custody."  Id.  The Court did not give its "word" that Milton would receive a certain amount of credit, nor did it address, much less promise, whether Milton's state arrest date would be credited toward his sentence.  While Milton wants credit as early as his December 4, 2014 arrest date, he was plainly in state custody at that time.  Accordingly, the only credit the Court would have anticipated Milton receiving would begin on April 8, 2015, the date when he entered federal custody.

The Court notes that it is currently without authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner.  See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing.")  Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must pursue administrative review of his computations before seeking judicial review through a formal motion.  See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010).

Lastly, the Court assures Milton that his motion to vacate his conviction and/or sentence under 28 U.S.C. § 2255 [Record Document 74] is pending and will be resolved in due course.

**THUS DONE AND SIGNED** this 20th day of July, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE