UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-68-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MARCUS MILTON (01) | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is a motion to reduce sentence, filed by the Defendant, Marcus Milton. [Record Document 109]. In this motion, the Defendant once again asks the Court to intervene to compel the Bureau of Prisons to award him credit for time served in custody before the imposition of his federal sentence. This is a familiar request, which has been addressed previously by the Court. See Record Document 93. In July of 2020, the Court stated,

> The Court notes that it is currently without authority to order the Bureau of Prisons to calculate the Defendant's sentence in any certain manner. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992) ("the United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing.") Thus, if the Defendant believes he is being improperly refused credit for time he has served in federal custody, he must pursue administrative review of his computations before seeking judicial review through a formal motion. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010).

Record Document 93.

In the instant filing, the Defendant asserts that he has now exhausted his administrative remedies and, thus, he believes his request is ripe. The dilemma, however, is that this Court lacks jurisdiction to hear the Defendant's claims for two reasons. First,

because the Defendant is challenging the computation and execution of his sentence, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. See United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). Second, the Defendant must file his § 2241 petition in the district in which he is incarcerated, as opposed to the district in which he was convicted. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); see also Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("a section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). In short, this Court lacks jurisdiction to entertain the Defendant's claims. He must file a petition in the district in which he is incarcerated.

Accordingly, **IT IS ORDERED** that Milton's motion to reduce sentence [Record Document 109] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this 1st day of September, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE